# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| OPENMETHODS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10-761-CV-W-FJG |
| | ) | |
| MEDIU, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Currently pending before the Court is plaintiff's Motion to Strike Affirmative Defenses and to Compel Discovery (Doc. # 21).

Plaintiff moves to strike defendant's Affirmative Defenses 1 through 11; 13 through 15 and 17 through 18 because defendant failed to plead sufficient facts to demonstrate plausible affirmative defenses in its Answer to the First Amended Complaint. Plaintiff argues that the defenses should be stricken as "insufficient defenses" because defendant has not provided the factual basis for the defenses. Defendant responds that plaintiff has failed to state with any particularity or explain the grounds for seeking to strike its affirmative defenses. Defendant then proceeds to explain the basis for each of its affirmative defenses.

## I. STANDARD

Fed.R.Civ.P. 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
> "A court enjoys liberal discretion under Rule 12(f) . . . however, motions to strike

are viewed with disfavor and rarely granted." <u>Associated Indem. Corp. v. Small</u>, No. 06-00187-CV-W-REL, 2007 WL 844773 *2 (W.D.Mo. Mar. 19, 2007)(internal citations and quotations omitted).

## II. DISCUSSION

In ruling on Motions to Strike Affirmative Defenses, some courts have suggested that the <u>Iqbal</u> and <u>Twombly</u> standards should also apply to the pleading of affirmative defenses. In <u>McNeil v. Missouri Annual Conference of United Methodist Church</u>, No. 2:10-CV-04154-NKL, 2010 WL 3732191,*3 (W.D.Mo. Sept. 20, 2010), the Court explained the <u>Iqbal</u> and <u>Twombly</u> standards:

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007)(citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(quoting <u>Twombly</u>, 550 U.S. at 570). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S.Ct. at 1950.

In <u>Lucas v. Jerusalem Café, LLC</u>, No. 4:10-CV-00582-DGK, 2011 WL 1364075, (W.D.Mo. Apr. 11, 2011), the Court noted:

There is currently a split of authority in the district courts regarding the applicability of the <u>Iqbal</u> pleading standard to affirmative defenses. A majority of district courts have held that the <u>Iqbal</u> standard is applicable to affirmative defenses. <u>Francisco v. Verizon South, Inc.</u>, No. 3:09cv737, 2010 WL 2990159 at *6 n.3 (E.D.Va. Jul. 29, 2010)(noting that a majority of district courts have applied <u>Iqbal</u> to affirmative defenses). These courts reason that the heightened pleading standard should be applied to affirmative defenses because a plaintiff attempting to address an

affirmative defense lacking factual allegations would be placed in the same position as a defendant trying to address a pleading with the same deficiencies.

Id. at *1.

Similarly, in School of the Ozarks, Inc. v. Greatest Generations Foundation, Inc., No. 10-3499-CV-S-ODS, 2011 WL 1337406 (W.D.Mo. Apr. 7, 2011), the Court stated:

Under Iqbal and Twombly, specific facts are not necessary; however, the pleading must provide fair notice of what the defense is and the ground upon which it rests. Twombly, 550 U.S. at 555. It must contain sufficient factual matter to demonstrate the defense is plausible on its face; that is, it must create a reasonable inference that the plaintiff is subject to the defense in question. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949. Merely listing affirmative defenses is insufficient: "they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to" a defense. Iqbal at 1950.

Id. at *1.

This Court finds this reasoning persuasive and agrees that the Iqbal and Twombly standards should apply to affirmative defenses. In reviewing defendant's Answer it is clear that the Affirmative Defenses are inadequately pled because they are simple statements such as "venue is improper" "process and service of process were and are insufficient." There is no explanation or discussion of why the defense is pled or how it might be implicated in the case. However, in light of the fact that motions to strike are viewed with disfavor, the Court will not strike defendant's affirmative defenses, but rather will allow defendant an opportunity amend its affirmative defenses.

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Strike and to Compel Discovery is hereby

**DENIED** (Doc. # 21).  Defendant shall have until **June 30, 2011** to file an Amended

Answer to Plaintiff's First Amended Complaint.


Date:__06/08/11_____                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         Chief United States District Judge