IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OPENMETHODS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 10-761-CV-W-FJG |
| | ) |
| MEDIU, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Renewed Motion to Strike Affirmative Defenses (Doc. # 49), defendant's Motion and Supplemental Motion to Compel Discovery (Docs. # 79, 81).

### A. Plaintiff's Motion to Strike Affirmative Defenses

Plaintiff previously moved to strike defendants' affirmative defenses because they failed to plead sufficient facts to demonstrate plausible affirmative defenses. Instead of striking the affirmative defenses, the Court gave defendants until June 30, 2011 to file an Amended Answer to Plaintiff's First Amended Complaint. However, defendants failed to file an Amended Answer by the date given. On August 4, 2011, plaintiff filed a renewed Motion to Strike the Affirmative Defenses, based on defendants' failure to file the Amended Answer. In response, defendants conceded that they did not file an Amended Answer by the required deadline. However, defendants attached an Amended Answer and requested leave to file this Answer out of time. Plaintiffs oppose defendants' Motion for Leave to File An Amended Answer and argue that by granting defendants' leave, the Court's earlier order will be undermined and the Court's authority will be diminished. On October 27, 2011, the Court directed defendants to explain in writing why the original deadline was not met. Defendants state that it was their

mistaken belief that the Court's Order provided them with an *opportunity* and not a *requirement* to file an Amended Answer. Defendants state that plaintiff will not be prejudiced, because their Amended Answer merely incorporates their written explanation which was previously set forth in their Suggestions in Opposition to the Plaintiff's Motion to Strike and they have not added any additional affirmative defenses. Therefore, because it appears that defendants did not understand that the June 8, 2011 Order directed them to file an Amended Answer, the Court will allow defendants to file their Amended Answer out of time. Defendants shall file their Amended Answer on or before **December 2, 2011**. Accordingly, plaintiff's Renewed Motion to Strike Defendant's Affirmative Defenses is hereby **DENIED** (Doc. # 49).

### B. Defendants' Motions to Compel

Defendants have filed a Motion and a Supplemental Motion to Compel. Defendants state that during the deposition of plaintiff's corporate representative, they learned that OpenMethods had been sold in October 2010 to a company called VCSR, Inc. Defendants state that they are concerned that plaintiff now lacks standing to pursue this lawsuit[1]. Defendants state that in their requests for documents, they requested "all documents that related in any way to the corporate governance of OpenMethods, LLC, including but not limited to, minutes, notes, operating agreements,

---

[1] Defendants state that they are concerned about plaintiff's standing to pursue this action in light of the sale. However, the Court notes that Fed.R.Civ.P. 25(c) provides in part:"[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." One court has noted that "[t]he rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc., 53 F.3d 186, 191 (8th Cir.1995)(internal quotations and citations omitted). Thus, the Court is not convinced that there is an issue with plaintiff's standing.

resolutions, member ledgers, or the like, whether in draft or final form." Defendants argue that plaintiff has intentionally failed to respond to the Request for Production and is withholding critical information which may show that plaintiff lacks standing.

The Fourth Amended Scheduling and Trial Order states in ¶ 1b. :

**Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule the motion.** The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied.

As defendants did not attach plaintiff's responses to the Request for Production, or summarize what documents were produced in response to this question, the Court cannot make a determination as to whether plaintiff fully or completely responded to the Request. However, the Court would note that the term "corporate governance" is somewhat vague and was not defined in the Request for Production of Documents submitted to plaintiff.

Additionally, the Court finds that defendants were not diligent in raising this issue. Defendants waited until the very last day of discovery to depose plaintiff's corporate representative. If the deposition had been scheduled earlier, then defendants would have had time to submit a supplemental request for production of documents to plaintiff to follow up on the information which was disclosed during Mr. Barnes' deposition. However, by waiting until the last day of discovery to depose Mr. Barnes, defendants are left with no time to further explore this issue. The Court has on two previous occasions extended the deadline for the completion of discovery. The Court finds no reason to extend the discovery deadline further.

Therefore, because this issue could have been discovered and raised before the close of discovery, and because defendants have failed to show that plaintiffs

3

intentionally failed to produce documents which were responsive to the document requests, the Court hereby **DENIES** defendants' Motion and Supplemental Motion to Compel (Docs. # 79, 81).

Date: November 30, 2011                                     **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                         Fernando J. Gaitan, Jr.
                                                                                          Chief United States District Judge