IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OPENMETHODS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 10-761-CV-W-FJG |
| | ) |
| MEDIU, LLC, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court are three motions in limine filed by defendant: Motion in Limine to Exclude the Testimony of Thad Perry (Doc. # 123); Motion in Limine to Exclude Testimony of Undisclosed Witnesses (Doc. # 124) and Motion in Limine to Exclude Testimony of Rebecca Pedigo (Doc. # 125). The Court will address each of these motions in turn.

**A. Motion in Limine to Exclude Thad Perry**

Defendant moves for an Order in limine precluding the testimony of Thad Perry. Thad Perry previously filed suit against defendant in Ohio State Court. Defendant states that the case was ultimately resolved by the parties and a settlement agreement was entered into. Defendant states that the subject matter of Mr. Perry's claims do not relate to the issues in the current case. Defendant argues that there is no relevancy to his testimony and it should be excluded. Plaintiff filed no opposition to this motion. Accordingly, defendant's Motion in Limine to exclude the testimony of Thad Perry is hereby **GRANTED** (Doc. # 123).

## B. Motion in Limine to Exclude Testimony of Undisclosed Witnesses

Defendant has also moved to exclude the testimony of plaintiff's fact witnesses: Lennie McMorris, Krishan Garg, Anan Krishnanand Nitin Pai, Rebecca Pedigo, Thad Perry, Tony Zimmerman and the records custodian for Net Suite. Defendant moves to exclude these witnesses arguing that they were not disclosed in plaintiff's initial disclosures or brought to defendant's attention through the discovery process. Defendant states that in its interrogatories, it specifically asked for the identity of plaintiff's lay witnesses. Defendant claims that it will be unduly prejudiced if plaintiff is allowed to call these "eleventh hour" witnesses.

In opposition, plaintiff states that the identity of these witnesses was made known to defendant during the discovery process and in writing. Plaintiff states that it served defendant with deposition notices for Krishan Garg and Lennie McMorris. Although the deposition of Mr. McMorris was noticed, the deposition was never actually taken. Additionally, plaintiff states that Rebecca Pedigo was identified four separate times in response to Interrogatories Nos. 1,2,3 and 7. Additionally, plaintiff states that Nitin Pai was also identified in response to Interrogatories Nos. 1 and 7. Plaintiff also states that when it discovered that Net Suite had original time card entries for Krishan Garg which related to the project, plaintiff's counsel sent defendant's counsel a letter the next day, supplementing its discovery responses with the QuickArrow records which it had just received from Net Suite. Plaintiff offered no response to defendant's argument that Thad Perry or Tony Zimmerman should be excluded.

In reply, defendant argues that OM concedes that Mr. McMorris was not deposed, thus indicating that OM did not intend to use the testimony of Mr. McMorris

during trial. With regard to Rebecca Pedigo and Nitin Pai, defendant states that their depositions were not taken and plaintiff never indicated that they would be called as witnesses. Defendant argues that plaintiff is attempting to try this case by surprise and because it has not complied with Fed.R.Civ.P. 26 or the discovery rules, these witnesses should not be allowed to testify.

> Fed.R.Civ.P. 37(c)(1) states in part:
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).
>
> In Wegener v. Johnson, 527 F.3d 687 (8th Cir. 2008), the Court stated:
>
> When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. Fed.R.Civ.P. 37(c)(1); Trost v. Trek Bicycle Corp., 162 F.3d 1004,1008 (8th Cir.1998)("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1). When fashioning a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. Sellers v. Mineta, 350 F.3d 706, 711-12 (8th Cir.2003); see also Marti v. City of Maplewood, 57 F.3d 680,683 (8th Cir.1995)(setting forth a variety of possibly relevant factors).

Id. at 692. See also Ehly v. Johnson Bros. Liquor Co., No. Civ. 06-5097-KES, 2009 WL 1324070, *2 (D.S.D. May 11, 2009)(same).

In the instant case, the Court is unclear whether plaintiff submitted its Rule 26 disclosures to defendant. In the Proposed Discovery Plan submitted to the Court by the parties on October 25, 2010, plaintiff states that it was gathering the initial disclosures and would provide them to Defendant by November 1, 2010. (Doc. # 11). It would seem that if plaintiff had failed to provide these disclosures, that defendant would have brought this matter to the Court's attention earlier. On February 8, 2011, defendants submitted to plaintiff interrogatories and a request for production of documents. One of the interrogatories asked plaintiff to identify the name, title, address and phone number of all persons supplying information necessary to respond to and answer these interrogatories and their relationship to OM. Among the names which plaintiff listed was Rebecca Pedigo, Director of Operations at Open Methods and Anand Krishnanand Nitin Pai, former employee of Open Methods. Rebecca Pedigo's name was also listed in response to Interrogatory No. 2 asking for the name of persons answering and/or responding to these interrogatories. Her name was listed again in response to Interrogatory No. 3 asking for the identity of all persons with whom OM has communicated regarding this litigation. In Interrogatory No. 6, defendant asked for the identity of each person OM expects to call as a lay witness. Plaintiff's response referred back to its response to Interrogatory No. 4. In that answer, plaintiff stated: "Not all persons are known at this time. Plaintiff will supplement accordingly." In Interrogatory No. 7, defendant asked for the identity of all persons who have knowledge or information relating to the claims set forth in OM's First Amended Complaint. Plaintiff responded by listing Rebecca Pedigo, Kris Garg and Nitin Pai, along with ten other individuals.

4

On November 1, 2011, plaintiff's counsel sent to defendant's counsel a letter via e-mail and overnight delivery stating that he was "supplementing my response to your Request for Production of Documents with this letter and its enclosures." Plaintiff's counsel enclosed Kris Garg's time entries which he states he had just received from Quick Arrow (now known as Net Suite). On November 29, 2011, plaintiff's counsel timely filed plaintiff's witness list. The list contained the names of Kris Garg, Nitin Pai, Rebecca Pedigo and the Records Custodian of NetSuite, along with nine other names. The Amended Scheduling and Trial Order stated that "[a]ny supplement to discovery responses under Rule 26(e), Fed.R.Civ.P. will be filed no later than ten days before the scheduled pretrial conference."

In determining whether these witnesses should be allowed to testify, the Court will consider the factors listed by the Eighth Circuit in Wegener. The first factor is the reason for noncompliance. Plaintiff states that under Fed.R.Civ.P. 26(e)(1)(A), a party who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Plaintiff states that the identities of Kris Garg, Lennie McMorris, Nitin Pai, Rebecca Pedigo and the NetSuite Records custodian was made known to defendant through the discovery process and also in writing. While it is true that the names Kris Garg, Nitin Pai and Rebecca Pedigo were listed in some of plaintiff's responses to defendant's interrogatories, these names were not specifically listed in response to the Interrogatory

5

which asked for OM's lay witnesses. It would have been a better practice for plaintiff to have specifically listed the names in response to this question. But at that stage of the case, plaintiff may not have known who it intended to call as witnesses. The second factor that the Court must examine is the surprise and prejudice to the opposing party. In this case, the Court does not find that Mediu can claim either surprise or prejudice by the fact that these individuals are listed on plaintiff's witness list.  All of these individuals have been known to Mediu since the early stages of this case.  Additionally, plaintiff's counsel specifically supplemented OM's response to the Request for the Production of Documents and provided Garg's time entries from the company Net Suite, which had formerly been known as Quick Arrow. The third factor which the Court examines is the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial.  The Court does not find that allowing these witnesses would disrupt the order or efficiency of the trial.  The final factor is the importance of the testimony.  The Court finds this to be a significant factor in this case.  Each of these witnesses have testimony which will have an important bearing on this case. Accordingly, the Court finds no basis for the exclusion of these witnesses.  Therefore, defendant's Motion in Limine to Preclude the Testimony of Lennie McMorris, Krishan Garg, Nitin Pai, Rebecca Pedigo and the records custodian of Net Suite is hereby **DENIED**.  As plaintiffs offered no opposition to the exclusion of Thad Perry or Tony Zimmerman, defendant's Motion in Limine to Preclude the Testimony of those witnesses is hereby **GRANTED.**  Thus, defendant's Motion in Limine to Exclude Testimony is hereby **GRANTED** in **PART** and **DENIED** in **PART** (Doc. # 124).

**C. Defendant's Motion in Limine to Preclude Testimony of Rebecca Pedigo**

Defendant states that it is anticipated that Rebecca Pedigo will testify as to the authenticity of the alleged business records of OM. Defendant argues that Ms. Pedigo testified in her affidavit that she is the records custodian of OM, but does not state that she is familiar with OM's record keeping processes or that it was the regular practice of OM to keep Mr. Garg's Quick Arrow time records. Therefore, Mediu argues that the sixty-five pages of records are not properly authenticated and are thus inadmissible. Additionally, Mediu attempts to argue that contradictory information was provided by plaintiff's counsel on November 1, 2011, regarding attachments which purported to be Garg's Quick Arrow time entries and that this makes the affidavit untrustworthy. Mediu argues that from this email it is clear that OM did not maintain the entries of Mr. Garg and cannot state that these documents were kept in the ordinary course of business. However, the email clearly states: "1. A pdf file title "007054-007118." These are all of Garg's QuickArrow entries for OpenMethods that my client forwarded to me for 2009 and 2010." (Exhibit 2 to Defendant's Motion in Limine). The documents which are attached to Ms. Pedigo's Affidavit are Bates stamped 007054 - 007118. In response, OM states that Ms. Pedigo's affidavit attempts to certify documents bates numbered 7054 - 7118. Additionally, OM states that the foundation for Ms. Pedigo's testimony regarding Kris Garg's time entries will be laid at trial.

In her Affidavit, Ms. Pedigo states that she is the records custodian for OpenMethods, LLC and that she is personally acquainted with the facts stated herein. She states that the pages attached are QuickArrow time entry records for Krishan Garg for the AT&T/New Jersey project and that these records are kept in the regular course

of business for OpenMethods and that it was in the regular course of business for an employee or resource of OpenMethods to make the record or transmit information to be included in such record.

After reviewing the Affidavit of Ms. Pedigo, the Court finds that it complies with the requirements of Fed.R.Evid. 803(6). Fed.R.Evid. 803(6) states that records of a regularly conducted activity are excluded from the hearsay rule if:

> (A) the record was made at or near the time by - or from information transmitted by - someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Thus, the Court does not find that there is any lack of trustworthiness regarding the Affidavit. Accordingly, for the reasons stated above, the Court hereby finds no reason to exclude the testimony of Rebecca Pedigo. Therefore, defendant's Motion in Limine on this issue is hereby **DENIED** (Doc. # 125).

For the reasons stated above, the Court hereby **GRANTS** the Motion in Limine to Exclude the Testimony of Thad Perry (Doc. # 123); **GRANTS IN PART** and **DENIES IN PART** the Motion in Limine to Exclude Testimony of Undisclosed Witnesses (Doc. # 124) and **DENIES** the Motion in Limine to Exclude Testimony of Rebecca Pedigo (Doc. # 125).

Date: 3/29/2012                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri              Fernando J. Gaitan, Jr.
                                                                  Chief United States District Judge